# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 11-1977

---

| | |
|---|---|
| **David Stebbins**        ) | |
|     Appellant        ) | |
|                                           ) | |
| v.        ) | **On Appeal from the United States** |
|                                           ) | **District Court for the Western** |
| **Randal Richardson and**        ) | **District of Missouri** |
| **Reliable Heat & Air, LLC**        ) | |
|     Appellees        ) | |

## BRIEFING IN SUPPORT OF APPEAL

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following brief in support of my appeal.

## TABLE OF CONTENTS

1. Table of Contents     1
2. Jurisdictional Statement     1
   1. District Court's Jurisdiction     2
   2. Appellate Court's Jurisdiction     2
   3. Timeliness     2
   4. Finality of judgment     2
3. Statement of Issues     2
4. Statement of Case     2
5. Summary of Argument     4
6. Argument     5
7. Standard of Review     11
8. Conclusion     11

## JURISDICTIONAL STATEMENT

In compliance with FRAP Rule 28(a)(4), I hereby submit the following jurisdictional statement:

### District Court's Jurisdiction

Initially, the District Court had jurisdiction to hear this case because it involved a claim of employment discrimination. See Title I of the Americans with Disabilities Act of 1990. However, I later filed with the court a motion to confirm an arbitration award. At that point, the court retained

jurisdiction to hear this claim, but under a different federal question: The Federal Arbitration Act. See 9 U.S.C. § 9.

## Appellate Court Jurisdiction

This appeal is being taken as a matter of right, because I am appealing the District Court's refusal to confirm an arbitration award. See 9 U.S.C. § 16(a)(1)(D).

## Timeliness

This appeal is timely. I have thirty days after the order being appealed is entered. See FRAP Rule 4(a)(1)(A). The order being appealed was entered on April 20, 2011. The notice of appeal was received by the District Court on April 29, 2011. Therefore, this appeal is timely.

## Finality of judgment

The finality of the judgment is irrelevant, as the court refused to confirm an arbitration award. Statute gives me explicit leave to file this appeal. See 9 U.S.C. § 16(a)(1)(D). See also *Southland Corp. v. Keating*, 465 U.S. 1 (1984) ("For us to delay review of a... judicial decision denying enforcement of the contract to arbitrate until the... litigation has run its course would defeat the core purpose of a contract to arbitrate").

## STATEMENT OF ISSUES

I believe that the issues presented for review are thus:

- Can a district court deny a motion to confirm an arbitration award without a motion to vacate, per 9 U.S.C. § 10, being present?
- Did the district court err in refusing to strike the Defendants/Appellees' suggestion in opposition?
- Did the Defendants/Appellees hold the burden of proof in this case, and if they did, did they fulfill it?
- Should the validity of the forfeit victory clause be decided by the arbitrator?
- Ultimately, did the District Court err in refusing to confirm the arbitration award?

## BACKGROUND

On March 25, 2011, the United States District Court for the Western District of Missouri ("District Court") received a motion to confirm an arbitration award, filed by me. This arbitration

award, in the amount of $500,000.00, was obtained, not via an actual arbitration award, but via a forfeit victory clause in the contract that stated that, if the Defendants did not accept the arbitration invitation within 24 hours of receiving it, they automatically loose.  The Defense was given until April 11, 2011 to file a suggestion in opposition.

On April 15, 2011, I received a call from the District Court clerk's office, telling me that a telephone conference was going to be scheduled to decide the motion to confirm the arbitration award. I was told that the Defense counsel would be present.  Later that day, I filed an objection to the Defense's presence at the hearing, as they did not file any suggestion in opposition to my motion within the allotted time, and thus should be listed in Default.

On April 19, 2011, the Defendants filed a suggestion in opposition, but gave no explanation for the delay in filing their untimely suggestion. Later that day, I filed a reply suggestion, arguing, among other things, the following:

1. The suggestion in opposition was untimely, and
2. There was no motion to vacate the award; therefore, the award should be confirmed.

On April 22, 2011, the District Court denied my motion to confirm the award, but found no facts or made any conclusions of law.  He merely said that my method of contract formation was "not recognized."

Later that day, under the belief that the reason he denied the motion to confirm the award was because the Defendants did not participate, I filed a motion for reconsideration.  The motion cited two cases which proved that mutual participation in the arbitration was not necessary.

The motion for reconsideration was denied on April 28, 2011.  The District Court said that the motion to confirm the award was not denied because of lack of participation, but because "[t]here was simply no agreement to arbitrate."  Again, no facts were found and no law was concluded.

I filed a motion to clarify the District Court's position on April 28, 2011, and actually give details, so that I have a foundation with which to base my appeal.

On April 29, 2011, I filed a second motion for reconsideration, showing case law that proved that unilateral arbitration agreements are, indeed, valid.

On May 2, 2011, the District Court denied both of those motions. The motion to clarify was denied, again, without explanation. The second motion for reconsideration was denied on the grounds that the cases that I have cited still involved an arbitrator actually entering an award, whereas my case involved a forfeit victory clause that negated the need for us to even go to arbitration in the first place.

On May 3, 2011, I filed a third motion for reconsideration, stating the following:

1. Finding a problem with the forfeit victory clause assumes that the arbitration agreement is otherwise valid. Therefore, the District Court should have compelled arbitration, not simply denied the motion, altogether, and proceeded with litigation.
2. The validity of the forfeit victory clause should be decided by the arbitrator.

The District Court denied my third motion for reconsideration, without any explanation given (go figure), on May 6, 2011. This appeal ensues.

## SUMMARY OF ARGUMENT

The District Court erred in failing to confirm the arbitration award. This is for a variety of reasons.

- The court unequivocally *must* grant a motion to confirm an arbitration award unless it has been vacated, modified, or corrected, pursuant to 9 U.S.C. §§ 10 and 11, which the defendants did not move to do. This requirement is absolute.
- The Defendants' suggestion in opposition was untimely; therefore, the Defendants should have been listed in default.
- The Defendants hold the burden of proof in this case, but they have proven nothing.
- If their suggestion in opposition was not untimely, it was ludicrous. The Defendants failed to deny, and therefore agreed to, every single element of my original motion, but merely claimed

that the acceptance method I specified was impossible for them to avoid.

- The Defendants' implied accusation of unclean hands does not bar my claim for damages.

- The validity of the forfeit victory clause must be decided by the arbitrator.

- The District Court found no facts and made no conclusions of law, which it is required to do.

## ARGUMENT

Allow me to begin with the argument that would render moot the merits of this case:

### There was no motion to vacate.

The Defendants never filed a motion to vacate. They only filed a suggestion in opposition, and an untimely one at that. The Defendants in this case absolutely *must* file a motion to vacate before the court can even consider anything else. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) ("§9 carries no hint of flexibility in unequivocally telling courts that they "must" confirm an arbitral award, "unless" it is vacated or modified "as prescribed" by §§10 and 11"). See also *Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972 (8th Cir. 2001) ("An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate").

Because the Defendants never filed a valid motion to vacate the award, the court should have confirmed it, straight away. Just on that alone, this case should be reversed.

Assuming that that argument fails, allow me to move onto another issue that should cause this case to be reversed and remanded, automatically.

### The Defendants should have been listed in default.

The Defendants have three months to move to vacate an award (see 9 U.S.C. § 12), but only two weeks to file a suggestion in opposition to a motion. See MO Local Rule 7.0(d). When I filed my motion to confirm the arbitration award on March 25, 2011, the Defendants were given until April 11, 2011 to file a suggestion in opposition. However, they did not file a suggestion in opposition within

the allotted time. Therefore, the Defendants should have been listed in default. See Fed. R. Civ. P. Rule 55.

If they wanted to defend themselves on the merits of the case, they should have either responded in time, or moved for Rule 60(b) relief. However, on the latter, once you have appeared in the litigation, and then disappeared, as is the case here, then Rule 60(b) relief becomes an extraordinary remedy that should only be granted in the presence of exceptional circumstances. See *Ansari v. NCS Pearson, Inc.*, 8th Cir., Case No. 10-3176.

When filing their untimely suggestion in opposition, did the Defendants provide an exceptional excuse for their lack of timeliness? Did they provide *any* excuse for their lack of timeliness?! Did they even so much as *acknowledge* their lack of timeliness?! No! They just filed the suggestion in opposition, as if they were still within the two week time limit.

Because of that, the District Court erred in ignoring my plea in paragraph one (1) of my reply suggestion, where I argued that the Defendants' suggestion in opposition should be struck as untimely.

Upon striking the suggestion in opposition, the Defendants are left without anything in defense of themselves. Combine that with the above-mentioned lack of a motion to vacate, and they should have been listed in default.

This also means that the Defendants should loose, automatically, on appeal. With the suggestion in opposition being struck as untimely, there is nothing that the Defendants can say in defense of themselves. Anything they say will officially be raised for the first time on appeal, and that is not allowed. See *Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010).

But, let's assume, *arguendo*, that the suggestion in opposition was timely. It still should not help them. The reason for that is simple:

**The Defendants hold the burden of proof, not me.**

The person opposing confirmation of an arbitration award bears the burden of proof, not the person seeking to confirm it. In Missouri, this applies, even when there is a dispute as to the existence

of an arbitration agreement in the first place. See *CACV of Colorado, LLC v. Muhlhausen*, Missouri Court of Appeals, Case No. SD30272.

In the instant case, the Defendants have proven nothing. They merely *claimed* that the acceptance method was impossible for them to not do. They provided no proof of their assertions of fact.

Because there is no evidence to support their claim that acceptance was impossible to avoid, their defense should be disregarded.

But let's assume, *arguendo*, that I hold the burden of proof. It still should not have made a difference, because...

### The acceptance method was far from impossible.

First off, allow me to point out that, since this is only one of two of the defenses raised by the Defendants, everything else should be admitted. See Fed. R. Civ. P. Rule 8(b)(6) ("A matter is admitted is a responsive pleading is required and the matter is not denied"). Therefore, assuming that these two defenses are proven wrong (or, at the very least, not proven right, as described above), then my otherwise valid right to have this award confirmed is admitted by default.

As you can see from the District Court records, the contract was accepted by not hanging up the phone during a conversation with me on a topic which he was not legally required to communicate with me on.

Do you think that is "impossible" to not do? Is that even difficult? Of course it is not! Use your common sense! His claim that the acceptance method is impossible to avoid is simply ludicrous.

But, let us assume, arguendo, that I need something a bit more affirmative in order to qualify as an acceptance method. Well, try this one on for size:

### The Defendants were trespassing.

In paragraphs nine (9) through twelve (12) of my brief in support of my original motion to confirm the arbitration award, I juxtaposed this issue with trespassing. Allow me to reiterate it and add

some details.

It is a well-established law that you accept a contract by entering property, so long as you were notified beforehand by the property owner that your entrance signified your acceptance to that contract. In fact, it is so well-established that I do not even have to cite any specific law, because you already know that I am right about this law.

The legal logic is simple: The offeree in that case is trespassing, and the property owner/contract offeror has the right to place conditions on your entrance.

In this case, the Defendants' attorney, acting in the course and scope of his role as the Defense counsel in this case, directly caused his physical likeness (specifically, his voice) to trespass into my apartment, through my phone's speaker. Later, he trespassed into my email inbox, without having any kind of legal right to do so (such as, to conduct legitimate discovery business; that would grnat him the legal right to trespass onto my email inbox, but that was not the case here).

By trespassing both into my apartment and my email inbox, the Defendants' legal representative, who has the legal capacity to enter into contracts on his clients' behalves, accepted my terms for allowing for the trespass.

Now, I know what you are probably thinking: I *invited* the trespass, so the contract offer is rendered moot. Well, first of all, I did *not* "invite" Allman's follow-up email. In fact, I specifically told him over the phone that it was not necessary. Second, an invitation to trespass does not render moot jack squat. In fact, that is what a contract offer is: An *invitation* to create a contract! See Restatement (Second) of Contracts, § 24.

By that logic, I should be able to avoid peripheral contractual provisions (such as an arbitration agreement) by claiming that the telemarketer had invited me to purchase the item. Alternatively, I could successfully argue that an email invited me to come to a website, and therefore, the website's browse wrap agreement should not hold (a browse wrap agreement, by the way, is the unofficial term given to website terms of service that state that simply surfing the website, not creating an account with

it, constitute the surfer's acceptance to the terms stated therein).

Even furthermore, a friend of mine could start a business and invite me personally to browse the store, but a sign on the store's main door states that entering the store, let alone buying anything, constitutes my acceptance to a variety of terms. Despite this, I enter anyway. Then, our friendship goes sour, and he attempts to hold me to the contract, but then I argue that his personal invitation for me to enter constituted a waiver of the terms of the sign.

One does not even have lawyer or judge to know how absurd those hypothetical scenarios are. However, that is exactly the kind of floodgates you would be opening if you held that my "invitation" constituted a waiver of the contract offer.

Upon realizing that, the acceptance method becomes a lot more straight forward. Unfortunately, the District Court never even entertained this issue. He erred in failing to do so.

I now move on to the other of the Defendants' two defenses:

**Unclean hands is irrelevant because this is not an action in equity**

By claiming that my motive was to "extort money" from the Defendants, the Defendants clearly accused me of having unclean hands. However, this argument fails. Unclean hands is an affirmative defense to equitable relief; it is not an affirmative defense to actions at law. See *Union Electric Company v. Southwest Bell Telephone L.P.*, 8th Cir. Case No. 03-3362 ("The "clean hands" doctrine does not bar a claim for money damages"). See also *Marvin E. Nieberg Real Estate Co. v. Taylor-Morley-Simon, Inc.*, 867 S.W.2d 618, 626 (Mo. Ct. App. 1993).

I was asking the District Court to confirm an arbitration award that consisted entirely of monetary damages. Therefore, this is an action at law. Therefore, the Defendants' accusation of my unclean hands is irrelevant, even if it is true.

Next issue:

**The forfeit victory clause must be decided by the arbitrator**

Upon realizing that case law actually did favor me in this case, the District Court changed its

tune and claimed that my motion to confirm the arbitration award is still denied because the cases that I have cited had an actual arbitration award entered. This assumes that the arbitration agreement is otherwise valid.

To that end, the District Court erred in denying my third motion for reconsideration. For a legal argument, see the document that I actually filed. I would merely be repeating myself if I gave the legal argument in this briefing.

I also wish to introduce another legal authority in support of this argument. I understand that the Appellate Court does not consider arguments raised for the first time on appeal. However, this is not really an entirely new argument; it is merely an elaboration and extension of an old argument.

Assuming that the court has jurisdiction to consider the validity of the forfeit victory clause, I cite the Restatement (Second) of Contracts, § 69(1)(c), which states that acceptance can be triggered "Where because of previous dealings or otherwise, it is reasonable that the offeree should notify the offeror if he does not intend to accept." The contract shown in Exhibit C of my original motion to confirm the arbitration award constitutes "previous dealings or otherwise," and the forfeit victory clause is what makes it reasonable that the offeree should have formally objected to the liability I accused him of.

Of course, it is impossible to draft a legal argument to the District Court's decision, because...

### No findings of fact or conclusions of law were provided.

The Judge is required to make specific findings of fat and conclusions of law in this issue because the motion to confirm an arbitration award was a stand-alone action (it could have easily stood alone as its own action), and was not tried by a jury.

In this case, without any findings of fact or conclusions of law, it is impossible for us to determine if the District Court properly declared that there was no agreement to arbitrate. Therefore, as a last resort, if the District Court's decision is not simply reversed, straight away, it should be remanded, with instructions for the District Court to clarify his answer.

More specifically, he should explain his reasoning behind the following orders:

1. His order denying my objection to Defendants' presence at the telephone conference.

2. His disregarding of paragraph one in my reply suggestion.

3. His disregarding of paragraph two in my reply suggestion.

4. On what grounds he believed that "there was imply no agreement to arbitrate," and why the method of contract formation I used was simply "not recognized."

5. Why he thought that an actual arbitration award is absolutely necessary to its confirmation, and why a forfeit victory clause cannot negate the need for it.

6. His reasoning for denying my third motion for reconsideration.

## STANDARD OF REVIEW

To be honest, I don't know what the standard of review should be. After all, the District Court never specified why he was denying the motion to confirm the arbitration award. I do not know if it was a finding of fact (thus clear error), or a conclusion of law (thus de novo).

However, from what little I can gather, I believe that you should review *de novo* the District Court's implicit opinion that a motion to vacate is not necessary, as well as his explicit opinion that the suggestion in opposition should not be struck. You should also review *de novo* his order denying my third motion for reconsideration. You should also review de novo the District Court's failure to find any facts or state any conclusions of law. You should review for clear error the District Court's implicit agreement with the Defendants' claim that the acceptance method was impossible to avoid, as it appears to be an issue of fact.

Everything else, I will let you handle that.

## CONCLUSION

Wherefore, I respectfully pray that you reverse the District Court's decision denying the motion to confirm the arbitration award, and remand the case back to the District Court with instructions to enforce the arbitration award, or in the alternative, clarify his answer so that I can have a better

foundation with which to base another appeal.

    It is so requested, on this 25th day of May, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1977

_____

| | |
|---|---|
| **David Stebbins** )  <br>    Appellant ) <br> ) <br> v. ) <br> ) <br> **Randal Richardson and** ) <br> **Reliable Heat & Air, LLC** ) <br>    Appellees ) | On Appeal from the United States <br> District Court for the Western <br> District of Missouri |

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my briefing in support of my appeal was served on the Defendants by allowing them to read the notice of docket activity on ECF, on the 25th day of May, 2011.

*David S tebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com