# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1977
_____

| | |
|---|---|
| **David Stebbins** ) | |
|     Appellant ) | |
| ) | |
| v. ) | On Appeal from the United States |
| ) | District Court for the Western |
| **Randal Richardson and** ) | District of Missouri |
| **Reliable Heat & Air, LLC** ) | |
|     Appellees ) | |

## SUPPLEMENTAL BRIEFING IN SUPPORT OF APPEAL

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplemental brief in support of my appeal.

I wish to provide an additional argument in support of my claim that the forfeit victory clause should be, at best, upheld, and at worst, referred to the arbitrator.

This is NOT being raised for the first time on appeal. The issue was raised in the District Court's third motion for reconsideration; this is merely an extension of that argument.

One of the biggest advantages of arbitration is flexibility. Arbitration clauses can include provisions for things such as discovery, a "reasoned opinion accompanying the award" (meaning that the arbitrator actually explains his award, such as in Fed. R. Civ. P. Rule 52(a)), and confidentiality. They will even allow for general *appeal*, not in the courts, but by going to another arbitration! The American Arbitration Association recognizes and enforces these sorts of provisions, as you can see by visiting the following webpage:

http://www.adr.org/si.asp?id=4125

Courts also traditionally uphold such flexibility. Unless you are expanding the grounds to vacate an arbitration award (which is not allowed, per *Hall Street Associates, LLC v. Mattel, Inc.*), then

almost anything else will be upheld.

Here, all the forfeit victory clause does is take advantage of the flexibility offered by arbitration.

Aside from the fact that the District Court just personally does not like it, there is really no reason not to allow this flexibility. You allow virtually everything else under the sun, regarding arbitration; why would you not allow a clause that negates the need for us to even go to arbitration in the first place?

Wherefore, premises considered, I respectfully pray that you reverse the District Court's ruling, remand the case back to the District Court with instructions to enforce the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 27th day of 2011.

David Stebbins<br>
1407 N Spring Rd, APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———

No. 11-1977

———

| | |
|---|---|
| **David Stebbins** ) | |
|     Appellant ) | |
| ) | |
| v. ) | On Appeal from the United States |
| ) | District Court for the Western |
| **Randal Richardson and** ) | District of Missouri |
| **Reliable Heat & Air, LLC** ) | |
|     Appellees ) | |

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my supplemental briefing was served on the Defendants by allowing them to read the Notice of Docket Activity on ECF on the 27th day of May, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com